In the Matter of DORIS JONES, a Child under Sixteen Years of Age.

Children's Court of Jefferson County, November 22. 1940.

*Lawrence R. Ormiston, Corporation Counsel,* for Samuel Bates, attendance officer for the public schools in the city of Watertown, petitioner.

*Melvin Hinkley,* for Doris Jones.

GILES, J. Doris Jones, nine years old, stands before this court charged with delinquency, in that she refused and neglected to obey the reasonable and lawful commands of the school authorities, to wit, she refused to pledge allegiance to and salute the flag of the United States of America on October 22, 1940.

The authority for this proceeding is section 712 of the Education Law which reads as follows: " It shall be the duty of the Commis-

sioner of Education to prepare, for the use of the public schools of the State, a program providing for a salute to the flag, for instruction in its correct use and display and such other patriotic exercises as may be deemed by him to be expedient, under such regulations and instructions as may best meet the varied requirements of the different grades in such schools," and a resolution of the board of education passed on August 5, 1940, which carries into effect in the public schools in the city of Watertown the program adopted by the State Commissioner of Education, which requires every pupil in the public schools, at least once a week, to pledge allegiance to and salute the flag of the United States of America. The board of education's authority for the enactment of the resolution is subdivision 9 of section 868 of the Education Law.

The facts are conceded, she did not salute the flag and she gives as her reason for not doing so that it was contrary to the religious beliefs of a religious sect known as Jehovah's Witnesses, of which she is a member. She was expelled from school.

Testifying at the hearing, Doris said, " I have been taught that saluting the flag is against God's law and anyone who breaks God's law will be slain on Armageddon, and will not be resurrected, I would die." She later explained this to mean she would die spiritually.

The question of the right of the board of education to expel Doris has been upheld by the Court of Appeals in the case of *People v. Sandstrom* (279 N. Y. 523), in which it is held that section 712 of the Education Law is a valid statute and does not violate the provisions of the State Constitution guaranteeing freedom of religious worship.

It is fundamental that the government cannot dictate to its citizens how they shall worship their God, nor can any religion by its teachings interfere with the process of government.

The United States Supreme Court has held that the school board cannot be compelled to reinstate children in school who refuse to salute the flag. (*Minersville School District* v. *Gobitis*, 310 U. S. 586.)

The *Sandstrom* case (*supra*) held that parents of children of this sect were not guilty of violation of the Education Law because they sent their children to school each day and the school authorities sent them home.

The *Minersville* case (*supra*) decided that a parent of children of this sect could not insist on the privileges of the school system if they would not comply with the rules of the State.

In both these cases adults were involved, the first, criminal in nature, the second, civil.

Doris Jones has been punished by the school board by being denied an education in the public schools of the city of Watertown.

This court has now been asked to determine whether or not her actions amount to delinquency, and if they do, apply suitable disciplinary measures. The only other punishment this court could mete out would be to take her away from her parents and place her in a public or private school for the training of children.

This court cannot compel her to salute the flag. It cannot compel the board of education to reinstate her. It cannot compel her or her parents to change their religion.

In other words, this court can do nothing more than has already been done except take her away from her parents

I am at a loss to understand, as are all reasonable people, why any one would refuse to salute the flag of the United States, and I think every one ought to want to salute it. I think, and most people do, that these people are misguided, and it is a tragedy that children should be taught such nonsense, but Doris has been taught this and believes it.

The only question for this court to decide is whether or not, under the conceded facts of the case, Doris is a delinquent child.

A delinquent child is defined, so far as applicable to this case, as a child who is incorrigible, ungovernable or habitually disobedient and beyond the control of her parents, guardians, custodians or other lawful authority.

In the light of delinquency, let us consider the words of Judge CRANE in the *Sandstrom* case in the Court of Appeals:

" These are ponderous truths to flash upon this little girl who in all conscientiousness cannot, at her time of life, grasp them. Let us re-examine this statute which the Legislature has adopted. Surely from the reading of it we can gather that it was never intended to force patriotism upon children by a militaristic order. It seeks to teach, to enlighten, to reveal, to lead the mind, to understand and appreciate what our government really is and what the flag stands for. This young girl is deep in her reverence for the commands of the Old Testament. We hope, and so evidently did the Legislature, that by a course of instruction in our public schools, the children will see that justice, that mercy, and that humility which is the burden of Holy Writ, is also the aim and object of the things the American flag stands for

" The Education Law says that the Commissioner shall prepare a program, not merely for the salute to the flag, but for instruction in its correct use, and for such other patriotic exercises as may be deemed by him to be expedient. The emphasis here, I am sure, must be placed more upon instruction than mere blind obedience.

We require the children to go to school to be instructed, among other things, in patriotism, which means to acquire some knowledge of the history and struggle of man to devise a government which will protect and develop the best in life. Surely, saluting a flag, even an American flag, is of little vital force to the nation unless behind it there is a love and reverence for the things it represents.

"The program of the Commissioner of Education was in accordance with the Education Law, not contrary to any rights preserved by the Constitution. Grace, in attending this school, provided by the State for her education, should have participated in the ceremony with the other scholars. We must say, as judges interpreting the law, that if she is to stay in school she must be obedient. May there not be, however, a better way for accomplishing the purposes of this law than immediate resort to disciplinary measures? Faith in our fine educational system and its corps of efficient teachers leads one to believe that with a little more patience and some tact, as the child grows in knowledge a reverence for our flag will develop and she will be glad that it is still here to salute. This section 712 of the Education Law relating to the salute to the flag has in substance been upon the statute books since 1898, a period of forty years. This is the first time that any trouble has arisen regarding its enforcement, which is some indication of its universal observance."

Also Judge LEHMAN in the same case:

"The statutory directions to the Commissioner of Education ' to prepare, for the use of the public schools of the State, a program providing for a salute to the flag, for instruction in its correct use and display and such other patriotic exercises as may be deemed by him to be expedient * * *' (Education Law, § 712), may be regarded as a legislative determination that such a program will tend to inculcate a love of country in the children and should be part of the school exercises. I do not differ with my associates when they say that ' saluting the flag in no sense is an act of worship or a species of idolatry, nor does it constitute any approach to a religious observance. The flag has nothing to do with religion, and in all the history of this country it has stood for just the contrary, namely, the principle that people may worship as they please or need not worship at all.' Like my associates, I believe that the Legislature may properly direct the preparation of a ' program providing for a salute to the flag, as part of the regular exercises of every school.' Like my associates, I find it difficult to understand how any reasonable and well-disposed person can object to such a salute on religious or other grounds. The question remains whether the Legislature intended to direct or could, under our Constitution,

direct that a child may be *compelled* to join in the exercises in those rare cases where such exercises are contrary to the religious principles and doctrines of the child and its parents. Religious freedom guaranteed by the Constitution is broader than the principle that ' people may worship as they please or need not worship at all.' It includes the right of the individual to carry out every obligation which *he believes* has a divine sanction, to *'practice any religious principle*, and to teach any religious doctrine which does not violate the laws of morality and property, and which does not infringe personal rights.' * * *

" Episcopalians and Methodists and Presbyterians and Baptists, Catholics and Jews, may all agree that a salute to the flag cannot be disobedience to the will of the Creator; all the judges of the State may agree that no well-intentioned person could reasonably object to such a salute; but this little child has been taught to believe otherwise. She must choose between obedience to the command of the principal of the school * * *, though trembling lest she incur the righteous wrath of her Maker and be slain ' when the battle of Armageddon comes.' * * *

" The salute of the flag is a gesture of love and respect — fine when there is real love and respect back of the gesture. The flag is dishonored by a salute by a child in reluctant and terrified obedience to a command of secular. authority which clashes with the dictates of conscience. The flag ' cherished by all our hearts ' should not be soiled by the tears of a little child."

Delinquency, like a crime, involves an intent to do wrong. No one would argue that in a proper case, one who willfully refused to salute the flag or did some disrespectful act in regard to it, should not be punished.

Doris is not this type of girl, she is not unpatriotic, she would do nothing to disgrace the flag, she said she respected the flag and her country, she has never violated any other law, obeys her parents and teachers in every other respect, is one of the brightest students in her class.

The situation is similar to one we meet occasionally, that of children being caught in coal yards or railroad yards stealing coal. When they are brought to court, their parents often say, we sent them with their cart to get the coal. The child is not held delinquent. The parents are to blame.

Practically all crimes with the exception of a few statutory offenses require proof of intent to do wrong before a conviction may be had.

Murder in the first degree involves premeditation and an intent to kill. Larceny involves an intent to steal, and if a person steals property which he honestly believes to be his, he is not a thief.

Assault in the third degree involves intent to do bodily harm, and if it is shown that the accused struck in self-defense or to repel an attack, he is not guilty. It is true that intent can be shown by the surrounding circumstances, but these circumstances must obviate the inference that the act was committed in good faith.

There has never been any claim by any one that Doris acted other than in good faith.

This little nine-year old girl finds herself in this position. She has been taught by her parents and the religious society to which she belongs that if she salutes the flag, her God will punish her; the school authorities say if she does not salute the flag, the State will punish her. She chooses to obey her God. Is this delinquency? I say no.

The proceeding is dismissed. Child discharged.